UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

SURAIYA CHISTY,

                              Plaintiff,

v.                                                  1:06-CV-0104
                                                            (GHL)
COMMISSIONER OF SOCIAL SECURITY,

                              Defendant.
_____

APPEARANCES:                                     OF COUNSEL:

BUCKLEY, MENDLESON & CRISCIONE, P.C.      IRA MENDLESON, III, ESQ.
Counsel for Plaintiff
29 Wards Lane
Albany, New York 12204

HON. GLENN T. SUDDABY                       WILLIAM H. PEASE, ESQ.
United States Attorney for the                     Assistant United States Attorney
   Northern District of New York
Counsel for Defendant
P.O. Box 7198
100 S. Clinton Street
Syracuse, New York 13261-7198

GEORGE H. LOWE, United States Magistrate Judge

## MEMORANDUM DECISION AND ORDER[1]

**I.  BACKGROUND**

    **A.  Procedural History**

Plaintiff filed an application for disability insurance benefits on June 6, 2003. (Administrative Transcript ("T") at 42-44.) The application was denied and Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), which was held on June 1, 2005. (T. at

---

[1]     This matter is before the Court by consent of both parties. (Dkt. No. 12.)

231-266.)  On July 29, 2005, the ALJ issued a decision finding that Plaintiff was not disabled. (T. at 14-19.)

Plaintiff appealed to the Appeals Council, and the ALJ's decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review on November 22, 2005.  (T. at 5-8.)  Plaintiff commenced this action on January 26, 2006.  (Dkt. No. 1.)

    **B.**    **The Contentions**

Plaintiff makes the following claims:

    (1)    The ALJ erred in finding that Plaintiff retained the residual functional capacity ("RFC") to perform medium work and thus was not disabled because she could perform her past relevant work.  (Dkt. No. 7 at 5-7.)

    (2)    The ALJ erred in evaluating Plaintiff's complaints of pain and finding her to not be credible.  (Dkt. No. 7 at 7-9.)

Defendant contends that the ALJ's decision is supported by substantial evidence and thus should be affirmed.  (Dkt. No. 10.)

**II.**    **APPLICABLE LAW**

    **A.**    **Standard for Benefits**

To be considered disabled, a plaintiff seeking disability insurance benefits or SSI disability benefits must establish that he is "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A) (2004). In addition, the plaintiff's

> physical or mental impairment or impairments [must be] of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. § 1382c(a)(3)(B) (2004).

Acting pursuant to its statutory rulemaking authority (42 U.S.C. §§ 405(a), 1383(d)(1)), the Social Security Administration ("SSA") promulgated regulations establishing a five-step sequential evaluation process to determine disability. 20 C.F.R. § 416.920 (2006). "If at any step a finding of disability or non-disability can be made, the SSA will not review the claim further." *Barnhart v. Thomas*, 540 U.S. 20, 24 (2003).

> At the first step, the agency will find non-disability unless the claimant shows that he is not working at a "substantial gainful activity." [20 C.F.R.] §§ 404.1520(b), 416.920(b). At step two, the SSA will find non-disability unless the claimant shows that he has a "severe impairment," defined as "any impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities." [20 C.F.R.] §§ 404.1520(c), 416.920(c). At step three, the agency determines whether the impairment which enabled the claimant to survive step two is on the list of impairments presumed severe enough to render one disabled; if so, the claimant qualifies. [20 C.F.R. §§] 404.1520(d), 416.920(d). If the claimant's impairment is not on the list, the inquiry proceeds to step four, at which the SSA assesses whether the claimant can do his previous work; unless he shows that he cannot, he is determined not to be disabled.[] If the claimant survives the fourth stage, the fifth, and final, step requires the SSA to consider so-called "vocational factors" (the claimant's age, education, and past work experience), and to determine whether the claimant is capable of performing other jobs existing in significant numbers in the national economy.[] [20 C.F.R.] §§ 404.1520(f), 404.1560(c), 416.920(f), 416.9630(c).

*Barnhart v. Thomas*, 540 U.S. at 24-25 (footnotes omitted).

The plaintiff-claimant bears the burden of proof regarding the first four steps. *Serrano v. Barnhart*, Civ. No. 02-6372, 2003 WL 22683342, at *11 (S.D.N.Y. Nov. 14, 2003). If the plaintiff-claimant meets his or her burden of proof on all four steps, the burden then shifts to the defendant-Commissioner to prove that the plaintiff-claimant is capable of performing other jobs which exist in significant numbers in the national economy. *Id.* (citing *Barnhart v. Thomas*, 540 U.S. at 25; other citations omitted).

    B.    **Scope of Review**

In reviewing a final decision of the Commissioner, a court must determine whether the correct legal standards were applied and whether substantial evidence supports the decision. *Brown v. Barnhart*, Civ. No. 02-4523, 2003 WL 1888727, at *4 (S.D.N.Y. Apr. 15, 2003); *Serrano v. Barnhart*, 2003 WL 22683342, at *10; *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992) (citing *Johnson v. Bowen*, 817 F.2d 983, 985 (2d Cir. 1987)). A reviewing court may not affirm an ALJ's decision if it reasonably doubts whether the proper legal standards were applied, even if the decision appears to be supported by substantial evidence. *Johnson*, 817 F.2d at 986. In addition, an ALJ must set forth the crucial factors justifying his findings with sufficient specificity to allow a court to determine whether substantial evidence supports the decision. *Ferraris v. Heckler*, 728 F.2d 582, 587 (2d Cir. 1984).

A court's factual review of the Commissioner's final decision is limited to the determination of whether there is substantial evidence in the record to support the decision. 42 U.S.C. § 405(g) (2005); *Rivera v. Sullivan*, 923 F.2d 964, 967 (2d Cir. 1991). "Substantial evidence has been defined as 'such relevant evidence as a reasonable mind might accept as

adequate to support a conclusion.'" *Williams on behalf of Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988) (citations omitted). It must be "more than a scintilla" of evidence scattered throughout the administrative record. *Serrano*, 2003 WL 22683342, at *10; *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197 (1938)). "To determine on appeal whether an ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining the evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams*, 859 F.2d at 258. However, a reviewing court cannot substitute its interpretation of the administrative record for that of the Commissioner if the record contains substantial support for the ALJ's decision. *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972); *see also Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

### III. THE PLAINTIFF

Plaintiff was born on November 1, 1952. (T. at 42.) She graduated from high school[2]. (T. at 63.) Plaintiff previously worked as a crew person for a fast food restaurant. (T. at 58.) Her duties included taking orders, completing the orders, and stocking the stores. (*Id.*) Plaintiff alleges disability due to severe osteoarthritis and glaucoma. (T. at 57.)

### IV. THE ALJ'S DECISION

The ALJ found that: (1) Plaintiff had not engaged in any substantial gainful activity since May 23, 2003 (T. at 18); (2) Plaintiff's osteoarthritis of the knees and open angle glaucoma were

---

[2] Although Plaintiff reported on her Disability Report form that she completed two years of college, she explained at the hearing before the ALJ that high school in Bangladesh ends in the tenth grade. She completed two years of schooling beyond that. (Tr. at 234-235.) Thus, she completed two years of college only by Bangladeshi standards. By United States standards, she completed high school.

severe impairments, but did not meet or equal a listed impairment (*Id.*); (3) Plaintiff retained the residual functional capacity ("RFC") to perform medium work, specifically that she was able to lift fifty pounds occasionally and twenty-five pounds frequently and that she was able to sit, stand, and walk for six hours during an eight hour work day with regular breaks (*Id.*); (4) Plaintiff was capable of performing her past relevant work as a fast food worker, thus Plaintiff was not disabled (*Id.*)

V.   **DISCUSSION**

   A.   **The ALJ's finding that Plaintiff retained the RFC to perform medium work is not supported by substantial evidence.**

Plaintiff contends that the ALJ erred in finding that Plaintiff retained the RFC to perform medium work. As discussed below, the ALJ's finding is not supported by substantial evidence.

In finding that Plaintiff was able to perform medium work, the ALJ noted that "no doctors have put any limitations on the claimant's ability to work eight hours per day, sit, stand, lift and carry." (T. at 18.) This finding is not supported by substantial evidence.

In an application to the New York State Department of Motor Vehicles for a disabled parking permit dated December 6, 2002, Plaintiff's treating physician, Francis J. Lanzone, M.D., opined that Plaintiff was "unable to walk 200 ft. without stopping" and that Plaintiff "has severe osteoarthritis of both knees that limits her work." (T. at 125.)

The medical opinions of a treating physician are given "controlling weight" as long as they are "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and are not inconsistent with other substantial evidence contained in the record. 20 C.F.R. § 404.1527(d)(2) (2007). Although Dr. Lanzone did not offer his opinion for the purposes of

determining Plaintiff's eligibility for disability insurance benefits, it still qualifies as a "medical opinion."  Under the Regulations, "medical opinions are statements from physicians ... that reflect judgments about the nature and severity of (a plaintiff's) impairments."  20 C.F.R. § 404.1527(a)(2)(2007).   There is no requirement that the statement be prepared for any specific purpose.

"An ALJ who refuses to give controlling weight to the medical opinion of a treating physician must consider various 'factors' to determine how much weight to give to the opinion."  *Halloran v. Barnhart*, 362 F.3d 28, 32 (2d Cir. 2004) These factors include: (1) the length of the treatment relationship and frequency of examinations; (2) the nature and extent of treatment relationship; (3) the medical evidence in support of the opinion; (4) the consistency of the opinion with the record as a whole; (5) whether the opinion is from a specialist; and (6) any other factors that tend to support or contradict the opinion.  20 C.F.R. § 404.1527(d)(2) (2006).  The Regulations further state that "good reasons" will be given for the weight afforded to the treating source's opinion.  *Id.*

The Commissioner's notice of determination or decision must "give good reasons" for the weight given a treating source's opinion.  20 C.F.R. §§  404.1527(d)(2), 416.927(d)(2) (2006).  Failure to provide "good reasons" for not crediting the opinion of a claimant's treating physician is a ground for remand.  *Snell v. Apfel,* 177 F.3d 128, 133 (2d Cir. 1999).

Here, the ALJ did not give Dr. Lanzone's opinion "controlling weight."  Although the ALJ summarized one report from Dr. Lanzone (T. at 15), the ALJ did not acknowledge Dr. Lanzone's opinion placing limitations on Plaintiff's ability to walk.  The ALJ did not discuss how or whether he applied the factors regarding the weight to give a treating physician's opinion.

Dr. Lanzone's opinion regarding Plaintiff's limitations appears consistent with that of Amelita Balagtas, M.D., who conducted an orthopedic evaluation of Plaintiff on July 14, 2003. (T. at 144-146.) Dr. Balagatas' medical source statement said that Plaintiff "would have some limitations in activities that require kneeling, squatting, lifting, prolonged standing, and walking." (T. at 146.) Notably, Dr. Balagatas opined that Plaintiff would have some limitations with prolonged standing and walking. (*Id.*) Unfortunately, she did not clarify what she meant by "prolonged." However, the ALJ interpreted this to mean that Plaintiff would not be precluded from performing the demands of medium work, in which the ALJ specifically included sitting, standing, and walking for six hours per day. (T. at 18.)

The ALJ cited the opinion of William S. Kasper, M.D., Plaintiff's treating opthalmologist. (T. at 15.) Specifically, the ALJ cited the fact that Dr. Kasper noted no limitations in Plaintiff's ability to sit, stand, walk, lift, carry, push, or pull. (*Id.*) Dr. Kasper did not note any postural, manipulative, visual, communicative, or environmental limitations. (*Id.*) However, after checking each box stating that Plaintiff had no limitations, Dr. Kasper also checked the box next to the comment "I cannot provide a medical opinion regarding this individual's ability to do work-related activities." (T. at 141.) Accordingly, it is unclear what Dr. Kasper intended – whether he intended to opine that Plaintiff had no limitations or whether he intended to state that he could not opine as to Plaintiff's ability to perform work-related activities. In his decision, the ALJ relied upon Dr. Kasper's opinion that Plaintiff had no limitations. The ALJ did not mention that Dr. Kasper also checked the box stating that he could not provide a medical opinion. It is unclear what the ALJ based his finding on, considering there is contradictory evidence in Dr. Kasper's form.

Based upon the above, there is not substantial evidence to support the ALJ's opinion that Plaintiff could perform the demands of medium work, specifically that she was able to lift fifty pounds occasionally and twenty-five pounds frequently and she was able to sit, stand, and walk for six hours during an eight hour work day with regular breaks. (T. at 18.) Dr. Lanzone opined that Plaintiff could not walk 200 feet without stopping and Dr. Balagtas said that Plaintiff would have limitations with prolonged sitting and walking. Dr. Kasper's opinion is contradictory, at best. This does not constitute substantial evidence. The ALJ should have provided "good reasons" for not give controlling weight to Dr. Lanzone's opinion, obtained clarification regarding Dr. Kasper's opinion, and considered obtaining further clarification regarding Dr. Balagtas's use of the term "prolonged". Accordingly, remand is appropriate.

**B.    The ALJ's Finding that Plaintiff was not Credible is not Supported by Substantial Evidence.**

Plaintiff argues that the ALJ erred in evaluating Plaintiff's complaints of pain and finding her to not be credible. As discussed below, the ALJ's finding that Plaintiff was not credible is not supported by substantial evidence.

Regarding Plaintiff's credibility, the ALJ stated that he had "carefully considered the claimant's testimony pursuant to 20 CFR 404.1529 and Social Security 96-7p but (did) not find the claimant to be a credible witness." (Tr. at 17.) The ALJ did not explain his reasoning. Rather, the remainder of the paragraph merely summarized Plaintiff's testimony regarding her pain.

"An [ALJ] may properly reject [subjective complaints] after weighing the objective medical evidence in the record, the claimant's demeanor, and other indicia of credibility, but must

set forth his or her reasons 'with sufficient specificity to enable us to decide whether the determination is supported by substantial evidence.'" *Lewis v. Apfel*, 62 F. Supp. 2d 648, 651 (N.D.N.Y. 1999) (quoting *Gallardo v. Apfel*, Civ. No. 96-9435, 1999 WL 185253, at *5 (S.D.N.Y. Mar. 25, 1999)). To satisfy the substantial evidence rule, the ALJ's credibility assessment must be based on a two-step analysis of pertinent evidence in the record. 20 C.F.R. § 404.1529 (2006); *see also Foster v. Callahan*, Civ. No. 96-1858, 1998 WL 106231, at *5 (N.D.N.Y. Mar. 3, 1998) and SSR 96-7p. First, the ALJ must consider whether there is an underlying medically determinable physical or mental impairment(s) that could reasonably be expected to produce the claimant's pain or other symptoms. SSR 96-7p. This finding does not involve a determination as to the intensity, persistence, or functionally limiting effects of the claimant's pain or other symptoms. *Id.* If no impairment is found that could reasonably be expected to produce pain, the claimant's pain cannot be found to affect the claimant's ability to do basic work activities. An individual's statements about his pain are not enough by themselves to establish the existence of a physical or mental impairment, or to establish that the individual is disabled. *Id.*

However, once an underlying physical or mental impairment(s) that could reasonably be expected to produce the claimant's pain or other symptoms has been established, the second step of the analysis is for the ALJ to evaluate the intensity, persistence, and limiting effects of the pain or symptoms to determine the extent to which they limit the claimant's ability to perform basic work activities. *Id.* Whenever a claimant's statements about the intensity, persistence, or limiting effects of the claimant's pain or other symptoms are not substantiated by objective medical evidence, the ALJ must make a finding on the claimant's credibility. *Id.* A claimant's

symptoms will be determined to diminish his/her capacity for basic work activities to the extent that his/her alleged functional limitations and restrictions due to symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence in the case record. *Id.*

A claimant's symptoms can sometimes suggest a greater level of severity than can be shown by the objective medical evidence alone. *Id.* When the objective evidence alone does not substantiate the intensity, persistence, or limiting effects of the claimant's symptoms, the ALJ must assess the credibility of the claimant's subjective complaints by considering the record in light of the following symptom-related factors:  (1) claimant's daily activities; (2) location, duration, frequency, and intensity of claimant's symptoms; (3) precipitating and aggravating factors; (4) type, dosage, effectiveness, and side effects of any medication taken to relieve symptoms; (5) other treatment received to relieve symptoms; (6) any measures taken by the claimant to relieve symptoms; and (7) any other factors concerning claimant's functional limitations and restrictions due to symptoms.  20 C.F.R. § 404.1529(c)(3) (2006).

An ALJ's evaluation of a plaintiff's credibility is entitled to great deference if it is supported by substantial evidence.  *Murphy v. Barnhart*, Civ. No. 00-9621, 2003 U.S. Dist. LEXIS 6988, at *29-*30 (S.D.N.Y. Jan. 21, 2003) (citing *Bischof v. Apfel*, 65 F. Supp. 2d 140, 147 (E.D.N.Y. 1999) and *Bomeisl v. Apfel*, Civ. No. 96-9718, 1998 U.S. Dist. LEXIS 11595, at *19 (S.D.N.Y. July 30, 1998) ("Furthermore, the ALJ has discretion to evaluate a claimant's credibility . . . and such findings are entitled to deference because the ALJ had the opportunity to observe the claimant's testimony and demeanor at the hearing.")).

Here, the ALJ's evaluation of plaintiff's credibility is not supported by substantial

evidence.  The record does not indicate why the ALJ found Plaintiff's reports of pain not to be credible.  The ALJ may have made this finding based on what he characterized as Plaintiff's 'frequent' trips to Bangladesh.  (Tr. at 17.)  However, the record reflects only two trips by Plaintiff to Bangladesh, one for her son's wedding in October 2003 and one in 2004 to visit her sick father.  (Tr. at 254.)  Plaintiff testified that she traveled at night, took a relaxation pill to help her with the prolonged sitting, did not carry luggage, and requested a wheelchair.  (Tr. at 255.)

The medical evidence in the record does not contradict Plaintiff's reports of pain.  Dr. Lanzone, Plaintiff's treating physician, prescribed Celebrex.  (Tr. at 115.)  Celebrex is a prescription pain medication.   Dr. Balagtas reported that Plaintiff needed assistance getting on and off the examining table (T. at 145.)  Dr. Balagtas listed her impression as "pain in both knees."  (Tr. at 146.)  Accordingly, remand is appropriate.

    **C.    Remand for Further Development is Appropriate Because There are Gaps in the Administrative Record.**

Plaintiff asks the Court to remand for the calculation of benefits rather than for further development of the record.  (Dkt. at 7:9.) When there are gaps in the administrative record, remand to the Commissioner is appropriate  for further development of the evidence.  For example, "a remand for further proceedings is the appropriate remedy when an erroneous step four determination has precluded any analysis under step five." *Williams v. Apfel* 204 F.3d 48, 50 (2d Cir. 1999).  Here, as discussed above, the ALJ did not fully develop the record by inquiring into Dr. Balagtas' use of the word "prolonged" or Dr. Kasper's contradictory report.  As a result, the ALJ did not proceed to step five of his analysis.  Accordingly, remand for further development of the record is appropriate in this case.

**WHEREFORE,** it is hereby

**ORDERED**, that this matter be remanded to the Commissioner, pursuant to sentence four of 42 U.S.C. § 405(g),[3] for further proceedings consistent with the above.

Dated: August 6, 2007

Syracuse, New York

/s/ George H. Lowe
George H. Lowe
United States Magistrate Judge

---

[3] Sentence four reads "[t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g).